IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CHRISTY HUTCHINSON**, *Individually and On Behalf of All Others Similarly Situated*, | ) ) ) |
| Plaintiff, | ) ) **CASE NO.:** |
| v. | ) ) |
| **FAST PACE MEDICAL CLINIC PLLC** d/b/a **FAST PACE HEALTH**, | ) **JURY DEMAND** ) ) ) |
| Defendant. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Christy Hutchinson, individually and on behalf of all others similarly situated, by and through her attorneys, hereby submits this Collective and Class Action Complaint against Defendant Fast Pace Medical Clinic PLLC d/b/a Fast Pace Health, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Christy Hutchinson brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") on behalf of herself and all other similarly situated hourly-paid, non-exempt healthcare workers to recover unpaid overtime wages for uncompensated hours worked that were excluded from their paid hours pursuant to Defendant's automatic meal-break deduction policy, in willful violation of the FLSA, plus liquidated damages, reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b).

2. Plaintiff also brings this action under Tennessee common law on behalf of herself and all other similarly situated hourly-paid, non-exempt healthcare workers to recover unpaid non-overtime (i.e. "straight-time") wages for uncompensated hours worked that were excluded from

their paid hours pursuant to Defendant's automatic meal-break deduction policy, in breach of Defendant's contractual obligation to pay hourly-paid, non-exempt healthcare workers for all hours worked.

3. Defendant operates a network of 170+ healthcare centers in Tennessee, Kentucky, Louisiana, Mississippi, and Indiana that provide services such as urgent care, primary care, orthopedic services, behavioral health, dermatology, telehealth, on-site lab testing. and X-ray testing.[1]

4. Plaintiff and the putative FLSA collective members are hourly-paid, non-exempt healthcare workers who were employed at Defendant's healthcare centers and were subject to Defendant's unlawful common policies and practices which included:

   a. implementing a company-wide policy of automatically deducting thirty minutes of pay per shift for "meal breaks" even though the workers worked through their shifts and did not receive *bona fide* meal breaks, *see* 29 C.F.R. § 785.19, which resulted in Defendant's failure to pay the workers for all hours worked in excess of 40 in a workweek; and

   b. paying overtime for 40 hours over in a workweek at rates that Defendant calculating without including the nondiscretionary quarterly bonuses the workers received, and which were thus lower than the overtime rates the workers were entitled to receive. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions); 778.209(a) ("Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing

---

[1] *See* Defendant's website: https://fastpacehealth.com/about-us/

his regular hourly rate of pay and overtime compensation.").

5. As a result, Defendant violated its statutory and contractual obligations by failing to pay hourly-paid, non-exempt healthcare workers including Plaintiff for all hours worked in excess of 40 in a workweek at a rate of not less than one and one-half (1.5) times the regular rate of pay.

6. Defendant willfully violated the guidance from the Department of Labor's Fact Sheet #53, which covers The Health Care Industry and Hours Worked.[2]

7. Fact Sheet #53 provides that "when choosing to automatically deduct 30-minutes per shift, the employer must ensure that the employees are receiving the full meal break," but Defendant's management knew that in general, hourly-paid, non-exempt healthcare workers were unable to take *bona fide* meal periods, due to the volume of patients at its healthcare centers, and failed to establish a reasonable process to ensure that hourly-paid, non-exempt healthcare workers were able to receive *bona fide* meal breaks.

8. Fact Sheet #53 further provides that "if employees' meals are interrupted to the extent that meal period is predominately for the benefit of the employer, the employees should be paid for the full 30-minutes," but Defendant failed to establish a reasonable process for hourly-paid, non-exempt healthcare workers to report instances in which they did not receive *bona fide* meal breaks or to seek cancellation or restoration of the deduction, and despite knowing of specific instances in which Plaintiff and other hourly-paid, non-exempt healthcare workers had worked shifts without *bona fide* meal periods, failed to cancel the automatic meal-break deduction or restore their pay.

9. Plaintiff asserts her FLSA claims individually and pursuant to 29 U.S.C. § 216(b)

---

[2] https://www.dol.gov/agencies/whd/fact-sheets/53-healthcare-hours-worked

3

Case 3:22-cv-00511   Document 1   Filed 07/08/22   Page 3 of 20 PageID #: 3

on behalf of a putative nationwide "FLSA Collective," defined as:

> *All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendant in any of its healthcare centers in the United States as hourly-paid, non-exempt healthcare workers, who held job positions including but not limited to Clinical Technician, Medical Assistant, Certified Medical Assistant, Licensed Practical Nurse, Medical Receptionist, and X-ray Technician, and are/were subject to Defendant's automatic meal-break deduction policy, and/or received quarterly bonuses that were not included in their overtime rates.*

10. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid, non-exempt healthcare workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

11. Plaintiff asserts her breach of contract claims under Tennessee common law individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Tennessee Rule 23 Class," defined as:

> *All persons who are or were, at any time within the period of 6 years preceding the commencement of this action through the date of judgment, employed by Defendant in any of its healthcare centers in Tennessee as hourly-paid, non-exempt healthcare workers, who held job positions including but not limited to Clinical Technician, Medical Assistant, Certified Medical Assistant, Licensed Practical Nurse, Medical Receptionist, and X-ray Technician, and are/were subject to Defendant's automatic meal-break deduction policy.*

12. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

14. This Court may properly maintain personal jurisdiction over Defendant because it is headquartered and domiciled in Tennesee.

15. Venue is proper in this District because a substantial portion of the events that give

rise to the asserted claims occurred in this District.

## THE PARTIES

16. Defendant Fast Pace Medical Clinic PLLC, doing business as Fast Pace Health, is a for profit entity created and existing under and by virtue of the laws of the State of Tennessee.

17. Defendant maintains its headquarters at 6550 Carothers Parkway, Suite 225, Franklin Tennessee 37067-6662

18. Defendant has the following Registered Agent: Cogency Global Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

19. Plaintiff Christy Hutchinson is a resident of the County of Hickman and State of Tennessee.

20. Plaintiff was hired by Defendant in approximately October 2020 performed approximately one month of training at Defendant's healthcare center located at 1140 Highway 100, Centerville, Tennessee 37033.

21. From approximately September 2020 through June 2, 2021, Plaintiff worked as a Clinical Technician at Defendant's healthcare center located at 560 E Main St., Hohenwald, Tennessee 38462.

22. From approximately June 2, 2021, to July 3, 2021, Plaintiff worked as a Clinical Technician and as a Medical Receptionist at Defendant's healthcare center located at 184 Tennessee Ave N, Parsons, Tennessee 38363.

23. Plaintiff's written consent to become an FLSA party plaintiff is filed hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

24. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully

5

set forth herein.

25. Defendant's hourly-paid, non-exempt healthcare workers held positions including but not limited to: Clinical Technician, Medical Assistant, Certified Medical Assistant, Licensed Practical Nurse, Medical Receptionist, and X-ray Technician.

26. Defendant determined the number of hours to pay each non-exempt healthcare worker each period by computing his or her total hours recorded in Defendant's electronic timekeeping system, and then automatically deducting 30 minutes per shift on account of "meal breaks," regardless of whether such worker in fact received a *bona fide* meal break.

27. Defendant instructed hourly-paid, non-exempt healthcare workers to clock in on the electronic timekeeping system at the start of their shifts and clock out at the end of their shifts.

28. Defendant did not instruct hourly-paid, non-exempt healthcare workers to clock out on the electronic timekeeping system when taking meal breaks.

29. Instead of having hourly-paid, non-exempt healthcare workers self-report their meal breaks by clocking out on the electronic timekeeping system, Defendant automatically deducted 30 minutes from their clocked-in hours each shift, regardless of whether they took the meal break or not

30. An implied-in-fact agreement existed between Defendant and each hourly-paid healthcare worker that they were to be compensated at a specified hourly rate for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's time-keeping system to clock in and out.

31. Defendant and each hourly-paid healthcare worker manifested their intent to be bound by that agreement, as evidenced by hourly-paid, non-exempt healthcare workers performing

6

Case 3:22-cv-00511   Document 1   Filed 07/08/22   Page 6 of 20 PageID #: 6

their agreed-upon job duties, using the Defendant's time-keeping system to clock in and out, and Defendant compensating at their agreed-upon rates for the hours for which they were paid.

32. Defendant and Plaintiff agreed that Plaintiff was to be compensated for all hours she worked at a regular hourly rate of $14.40/Hr.

33. Defendant's offer letter to Plaintiff described her base compensation as follows:

> [Y]ou are being offered an hourly rate of pay of USD $14.40/Hr. Hours worked during the pay period shall be paid to you based on our regular payroll processing schedule. This is currently bi-weekly. You are classified as a non-exempt employee and will be eligible for overtime for any hours worked over 40 hours in each work week.

34. Plaintiff's offer letter says nothing about Defendant's policy of automatically deducting 30 minutes per shift for meal breaks.

35. Hourly-paid, non-exempt healthcare workers worked over forty (40) hours in most workweeks.

36. Hourly-paid, non-exempt healthcare workers typically worked through their shifts and did not receive *bona fide* meal breaks.

37. Defendant implemented a company-wide policy of automatically deducting thirty minutes of pay per shift from hourly-paid, non-exempt healthcare workers' pay for "meal breaks" even though the workers worked through their shifts and did not receive *bona fide* meal breaks, *see* 29 C.F.R. § 785.19.

38. As a result, Defendant typically paid each hourly-paid, non-exempt healthcare workers for 30 minutes less than his or her actual hours worked each shift.

39. Hourly-paid, non-exempt healthcare workers' uncompensated hours worked often included hours worked in excess of 40 in a workweek.

40. For example, in the bi-weekly pay period of May 17, 2021, to June 4, 2021, Plaintiff

was paid for 3.66 hours in excess of 40 in a workweek, meaning that she worked more than 40 hours in one or both of the two workweeks included in this pay period.

41. In both these workweeks, Plaintiffs performed uncompensated work that was automatically deducted from her pay and not restored, that was in excess 40 hours in a workweek and in excess of the 3.66 overtime hours for which she was paid.

42. Defendant had actual and/or constructive knowledge that in many workweeks, Plaintiff and other hourly-paid, non-exempt healthcare workers were performing work in excess of 40 hours in a workweek that was uncompensated due the Defendant's automatic meal-break deduction policy.

43. Defendant failed to establish a reasonable process to ensure that hourly-paid, non-exempt healthcare workers were able to receive *bona fide* meal breaks.

44. Defendant failed to establish a reasonable process for hourly-paid, non-exempt healthcare workers to report instances in which they did not receive *bona fide* meal breaks or to seek cancellation or restoration of the deduction.

45. Defendant's management discouraged, impeded, obstructed, and/or ignored attempts by hourly-paid, non-exempt healthcare workers to report instances in which they did not receive *bona fide* meal breaks and/or sought cancellation or restoration of the deduction.

46. Defendant failed to keep accurate records of whether hourly-paid, non-exempt healthcare workers received *bona fide* meal breaks.

47. To the contrary, Defendant intentionally falsified its records to show that hourly-paid, non-exempt healthcare workers were receiving *bona fide* meal breaks during certain times, despite knowing that they were in fact engaged in activates during such times that predominantly benefited Defendant, including but not limited to completing patient charts and answering work-

related phone calls.

48. Defendant's management knew that hourly-paid, non-exempt healthcare workers were unable to take *bona fide* meal periods, due to the volume of patients at its healthcare centers.

49. Defendant's management knew that hourly-paid, non-exempt healthcare workers were engaged in activities that predominantly benefited Defendant during the time periods that were falsely recorded as having taken meal breaks.

50. Defendant's management knew of specific instances in which Plaintiff and other hourly-paid, non-exempt healthcare workers had worked shifts without *bona fide* 30-minute meal periods, but knowingly and willfully failed to cancel the automatic meal-break deduction or restore their pay.

51. Defendant was aware of Fact Sheet #53 and its requirements for employers using automatic meal-break deduction policies to ensure that the employees are receiving the full meal break and to pay them in instances in which they do not, but knowingly and willfully failed to take any good faith steps to comply with these requirements.

52. In other words, Defendant reaped the benefits of its automatic meal-break deduction, without performing any of its corresponding legal obligations.

53. Defendant paid hourly paid, non-exempt healthcare workers quarterly bonuses based on the amount of collections their healthcare centers received.

54. Defendant failed to include such non-discretionary quarterly bonuses, or any other non-base compensation hourly-paid, non-exempt healthcare workers received, as part of the "total remuneration" it used to calculate their regular and overtime times, respectively.

55. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment

9

Case 3:22-cv-00511   Document 1   Filed 07/08/22   Page 9 of 20 PageID #: 9

paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108.

56. "Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation." 778.209(a)

57. Despite paying non-discretionary quarterly bonuses to hourly-paid, non-exempt healthcare workers, Defendant failed to include such remuneration in its calculation of their regular rates or (as a result) their overtime rates.

58. Defendant was aware of, and/or recklessly disregarded the possibility that its quarterly bonuses were nondiscretionary and that the FLSA requires such bonuses to be included in the calculation of employees' overtime rates but failed to do so.

59. Defendant willfully violated the FLSA.

60. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

62. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid, non-exempt healthcare workers who have been affected by Defendant's common unlawful policies and practices which shorted overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

63. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of:

*All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by Defendant in any of its healthcare centers in the United States as hourly-paid, non-exempt healthcare workers, who held job positions including but not limited to Clinical Technician, Medical Assistant, Certified Medical Assistant, Licensed Practical Nurse, Medical Receptionist, and X-ray Technician, and are/were subject to Defendant's automatic meal-break deduction policy, and/or received quarterly bonuses that were not included in their overtime rates.*

Plaintiff reserves the right to amend this definition as necessary.

64. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

65. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

66. Plaintiff seeks to send Notice to all similarly situated hourly-paid, non-exempt healthcare workers as provided by 29 U.S.C. § 216(b) and supporting case law.

67. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

68. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a collective wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

69. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

70. Plaintiff re-alleges and incorporates all previous paragraphs herein.

71. Plaintiff asserts her breach of contract claims under Tennessee common law individually and on behalf of a putative "Tennessee Rule 23 Class," defined as:

> *All persons who are or were, at any time within the period of 6 years preceding the commencement of this action through the date of judgment, employed by Defendant in any of its healthcare centers in Tennessee as hourly-paid, non-exempt healthcare workers, who held job positions including but not limited to Clinical Technician, Medical Assistant, Certified Medical Assistant, Licensed Practical Nurse, Medical Receptionist, and X-ray Technician, and are/were subject to Defendant's automatic meal-break deduction policy.*

72. Plaintiff reserves the right to amend this definition as necessary and to amend the complaint to assert claims under Kentucky's Wages and Hours Act (hereinafter "KRS"), Ky. Rev. Stat. Ann. §§ 337.010, *et seq.* individually and on a class basis pursuant to Rule 23, should any hourly-paid, non-exempt healthcare workers who worked in Kentucky join this action.

73. The Tennessee Rule 23 class seeks to recover unpaid straight-time wages for all hours worked at their agreed-upon pay rates, consistent with their agreements with Defendant.

74. The members of the Tennessee Rule 23 classes are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the States of Tennessee. The Tennessee Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

75. There is a well-defined community of interest among the Tennessee Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

76. Plaintiff's claims are typical of those of the Tennessee Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of

Defendant's common and systemic pay policies and practices. All the class members were subject to the same corporate practices of Defendant, as alleged herein, of performed uncompensated work in *lieu* of receiving *bona fide* meal periods, as a result of Defendant's automatic meal-break deduction policy. Any lawsuit brought by an hourly-paid, non-exempt healthcare worker employed by Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

77. Plaintiff was employed by Defendant in the same capacity as all the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, automatically deducting pay for meal breaks that were not in fact received. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

78. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

79. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

80. Plaintiff and the Rule 23 class members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**

**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

81. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

82. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

83. Defendant employed Plaintiff and the FLSA Collective members as hourly-paid, non-exempt healthcare workers.

84. At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

85. At all times relevant to this action, Defendant was an enterprise whose annual gross volume of sales made, or business done exceeded $500,000.

86. At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

87. In addition, Defendant's hourly-paid, non-exempt healthcare workers were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

88. Defendant knowingly "suffered or permitted" Plaintiff and hourly-paid, non-exempt healthcare workers to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

89. Defendant hired hourly-paid, non-exempt healthcare workers and determined the rate and method of the payment of their wages.

90. Defendant controlled the work schedules, duties, protocols, applications, assignments, and work conditions of hourly-paid, non-exempt healthcare workers.

91. Plaintiff and the FLSA Collective members worked over forty (40) hours in most workweeks.

92. Defendant implemented a company-wide policy of automatically deducting thirty minutes of pay for "meal breaks" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

93. Defendant suffered and permitted Plaintiff and the FLSA Collective members to work through their shifts without taking *bona fide* meal breaks.

94. Even though Plaintiff and the FLSA Collective members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes of pay.

95. Defendant failed to compensate Plaintiff and the FLSA Collective members for all hours worked in excess of 40 in a workweek.

96. In addition, Defendant failed to include additional compensation in Plaintiff and the FLSA Collective members' regular rate of pay, including, but not limited to, non-discretionary quarterly bonuses, before statutory overtime compensation is computed.

97. As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay Plaintiff and the FLSA Collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

98. Defendant's uniform policies and practices, as described herein, were willful,

intentional, unreasonable, arbitrary and in bad faith.

99. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

100. As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA Collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### SECOND CLAIM FOR RELIEF
**Breach of Contract under Tennessee Common Law**
**(Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Straight Time Wages**

101. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

102. Defendant employed Plaintiff and Tennessee Rule 23 class members as hourly-paid, non-exempt healthcare workers.

103. An implied-in-fact agreement existed between Defendant and each Plaintiff and Tennessee Rule 23 class member that they were to be compensated at a specified hourly rate for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's time-keeping system.

104. Defendant and Plaintiff and Tennessee Rule 23 class members manifested their intent to be bound by that agreement, as evidenced by hourly-paid, non-exempt healthcare workers performing their agreed-upon job duties and using the Defendant's time-keeping system to clock in and out, and Defendant compensating at their agreed-upon rates for the hours for which they

were paid.

105. Defendant implemented a company-wide policy of automatically deducting thirty minutes of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

106. Plaintiff and Tennessee Rule 23 class members often worked through their shifts without taking *bona fide* meal breaks.

107. Even though Plaintiff and Tennessee Rule 23 class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes of pay.

108. Defendant failed to compensate Plaintiff and Tennessee Rule 23 class members for all hours worked.

109. By failing to pay Plaintiff and Tennessee Rule 23 class members for all hours worked pursuant to their implied contract, Defendant breached that contract.

110. Defendant owes Plaintiff and the Tennessee Rule 23 class members wages for hours worked that were not compensated.

111. As a result of Defendant's uniform policies and practices described above, Plaintiff and Tennessee Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recover unpaid straight-time wages for all hours worked at their agreed-upon pay rates, consistent with their agreements with Defendant, plus interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant, as follows:

(A) A declaratory judgment that Defendant's policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant

regulations at 29 C.F.R. § 516, *et seq.*;

(B) An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the state law claim(s) set forth herein;

(E) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA Collective and Rule 23 class members;

(F) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(G) Designating Lead Plaintiff as the representatives of the FLSA Collective and Rule 23 class in this action;

(H) Designating the undersigned counsel as counsel for the FLSA Collective and Rule 23 class in this action;

(I) Judgment for damages including all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(J) Judgment for unpaid straight-time wages for all hours worked at Plaintiff's and each Rule

23 Class member's agreed-upon pay rates, consistent with their agreements with Defendant;

(K)     An incentive award for the Plaintiff for serving as a representative of the FLSA Collective and Rule 23 class;

(L)     An Order directing Defendant to pay Plaintiff and members of the collective/class reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA;

(M)     Judgment for all civil penalties to which Plaintiff and members of the collective/class may be entitled; and

(N)     Such other and further relief as to this Court may deem necessary, just, and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA Collective and Rule 23 Class members, by and through undersigned counsel, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: July 8, 2022

RESPECTFULLY SUBMITTED,

By:  /s Justin G. Day
Justin G. Day
jday@milberg.com
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (856) 247-0080
F: (865) 522-0049

*Counsel for Plaintiff*

Jason T. Brown*
Nicholas Conlon*
Brown, LLC

111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Application for Admission Pro Hac Vice Forthcoming

*Lead Counsel for Plaintiff*