IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTY HUTCHINSON, CHRISTINA COURTNEY, and KAREN HARRIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAST PACE MEDICAL CLINIC PLLC, d/b/a FAST PACE HEALTH<br><br>Defendant. | NO. 3:22-cv-00511<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' motion for final approval of class action settlement and approval of service payments, attorneys' fees, and costs (Doc. No. 94). In support of the motion, Plaintiffs filed a declaration of the settlement administrator, Makenna Snow (Doc. No. 94-1), and the class member claim form and opt-in consent form (Doc. No. 94-2). Plaintiffs previously filed a copy of the settlement agreement (Doc. No. 80). One class member, Kathryn Farr, filed an objection to the claims-made process and amount of the settlement (Doc. No. 90).

The Court held a hearing on the settlement on October 23, 2024. The Court has reviewed the parties' settlement agreement (Doc. No. 80) and Farr's objections to the settlement agreement.

### I. STANDARD OF REVIEW

"Factors relevant to finding a settlement fair, reasonable, and adequate include: '(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.'" *Barnett v. Adman Elec., Inc.,* No. 1:24-CV-150, 2024 WL 3734193, at *1

(E.D. Tenn. Aug. 7, 2024) (internal citation omitted). Moreover, "[o]nce a settlement has been preliminarily approved, objectors must overcome a heavy burden to prove that it is unreasonable." *Johnson v. W2007 Grace Acquisition I, Inc.,* No. 13-2777, 2015 WL 12001269, at *8 (W.D. Tenn. Dec. 4, 2015) (internal citation omitted); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983) (internal citations omitted) ("Initially, a proposed decree should be preliminarily approved. The court should determine whether the compromise embodied within the decree is illegal or tainted with collusion. The court's determination should be based on its familiarity with the issues, the results of discovery, and the character of the negotiations prior to the entry of the decree. Preliminary approval is critical for a decree which is the product of arms-length negotiations. With such approval a decree is presumptively reasonable. An individual who objects, consequently, has a heavy burden of demonstrating that the decree is unreasonable."); *In re Se. Milk Antitrust Litig.*, No. 2:07-CV-208, 2012 WL 2236692, at *4 (E.D. Tenn. June 15, 2012).

## II. ANALYSIS

### A. Claims-Made Process

With regard to Farr's objection to the claims-made process of the settlement, courts in this Circuit routinely approve settlements requiring FLSA class members to opt-in to receive payment and opt-out of a Rule 23 class to be excluded. *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016); *Larry v. Kelly Servs. Inc.*, No. 2:20-CV-11481-DPH-EAS, 2024 WL 2947247 (E.D. Mich. June 11, 2024); *Davis v. Omnicare, Inc.*, No. 5:18-CV-142-REW, 2021 WL 4188053 (E.D. Ky. Sept. 14, 2021); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822 (N.D. Ohio Mar. 26, 2019); *Craig v. Ruby Tuesday, Inc.*, No. 1:16-CV-00074-SKL, 2018 WL 11416554 (E.D. Tenn. May 10, 2018); *Salinas v. United States Xpress Enters., Inc.*, No. 1:13-cv-00245-TRM-SKL, 2018 U.S. Dist. LEXIS 50800 (E.D. Tenn. Mar. 8, 2018); *In re Envision*

*Healthcare Corp. Sec. Litig.*, Civil Action No. 3:17-cv-01112, 2024 U.S. Dist. LEXIS 57062 (M.D. Tenn. Mar. 21, 2024).

The Court finds that this approach is consistent with other similar settlements approved in the Sixth Circuit and is well suited to the settlement in this case, particularly as this is a hybrid FLSA collective and Rule 23 class action. Accordingly, Farr's objections to the claims-based settlement are overruled.

**B.     Attorneys' Fees**

With regard to Farr's objections to the settlement amount and attorneys' fees, the Court finds that the requested amount of attorney fees and costs is reasonable in light of the circumstances of this case. *See* Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5.

Here, Plaintiffs request $ 616,666.67, including $ 20,789.19 for litigation costs incurred to date and $ 595,877.48 for attorneys' fees. The requested fees of $ 595,877.48 represent 32% of the $1,850,000 total settlement.

The Court finds that it is appropriate to use the percentage of the fund method and cross reference it with the lodestar method to account for the total benefit to the settlement class. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010) ("[P]ercentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share (i.e., a 'common fund')"); *Estate of McConnell v. EUBA Corp.*, 2021 U.S. Dist. LEXIS 97576, at *15 (S.D. Ohio May 24, 2021) (quoting *Dewald v. Time Warner Cable Inc.*, 2021 U.S. Dist. LEXIS 32459, at *16 (S.D. Ohio Feb. 16, 2021)) ("'Absent compelling reasons to the contrary,' courts apply the percentage method in wage and hour cases, as it best reflects FLSA's employee-protection objective."). Moreover, the percentage of the fund method "has the advantage of establishing reasonable expectations on the part of

counsel as to their expected recovery, and encouraging early settlement before substantial fees and expenses have accumulated." *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *8-9 (N.D. Ohio July 27, 2018). Sixth Circuit precedent is clear that it is within the Court's discretion to value the total benefit to the class as either (1) the total settlement amount agreed to by the parties or (2) the amount actually paid out to claimants. Specifically, the Western District of Tennessee has recognized:

> With regard to attorneys' fees, the Court concludes that the proper approach to awarding fees under the percentage-of-the-fund method is to award fees based on a percentage of the entire common fund obtained by Class Counsel, not the amount that Settlement Class Members choose to claim. (As set forth in the Court's Order granting Plaintiffs' and Class Counsel's requested attorneys' fees, the Court has determined that the percentage-of-the fund method is the proper method for a fee award in this case). A percentage-of-the-fund award based on the entire fund is proper under United States Supreme Court and Sixth Circuit law. A leading commentator on class actions summarized the law as follows: 'When a lump sum has been recovered for a class, that sum represents the common fund benchmark on which a reasonable fee will be based. When, however, the defendant reserves the right to recapture any unclaimed portion of the common fund after class members have had an opportunity to make their claims against the fund, or when a recovery is based on a formula payment to each class member based on the level of relevant purchases or transactions involved of class members who file proofs of claim, the question arises concerning whether the benchmark common fund amount for fee award purposes comprises only the amount claimed by class members or that amount potentially available to be claimed. In *Boeing Co. v. Van Gemert*, [444 U.S. 472, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980)] the Supreme Court settled this question by ruling that class counsel are entitled to a reasonable fee based on the funds potentially available to be claimed, regardless of the amount actually claimed.

*Manjunath A. Gokare, P.C. v. Fed. Express Corp.*, Civil Action No. 2:11-CV-2131-JTF-CGC, 2013 U.S. Dist. LEXIS 203546, at *30-32 (W.D. Tenn. Nov. 22, 2013). Moreover, in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S. Ct. 745, 749, 62 L. Ed. 2d 676 (1980), the Supreme Court held that:

> Since the decisions in *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1882), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client

is entitled to a reasonable attorney's fee from the fund as a whole. The common-fund doctrine reflects the traditional practice in courts of equity, and it stands as a well-recognized exception to the general principle that requires every litigant to bear his own attorney's fees. The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit…To claim their logically ascertainable shares of the judgment fund, absentee class members need prove only their membership in the injured class. Their right to share the harvest of the lawsuit upon proof of their identity, whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel.

*Boeing Co.*, 444 U.S. at 478, 480 (internal citations omitted); *see also Moulton v. United States Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (rejecting objection that a common fund fee award should be based on the amount that is claimed by class members and stating that "[t]he thirty percent attorney's fee award, they add, is too high, claiming that it 'will exceed the recovery of the Class by over $ 100,000.00.'…But this estimate is wrong: The objectors focus on the amount *claimed* rather than the amount *allocated*. Claimants, it is true, will in the aggregate receive less than Class Counsel. But that is because just 4,026 class members submitted claims. Except for fees and costs, class members had the first shot at the settlement proceeds--nearly $ 2.5 million by our estimate--which exceed the amount paid to Class Counsel by some measure. That the public schools will receive $ 1.28 million in *unclaimed* funds does not reflect on the settlement's fairness.").

When assessing the reasonableness of attorneys' fees, the Court must consider: "(1) the time and labor involved; (2) the novelty and difficult[y] of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results

5

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015).

The Court has considered the attorneys' fees in light of the reasonableness factors and has determined that Plaintiffs' counsel achieved a positive result for class members. Plaintiffs' counsel acknowledged that if the case had continued, due to likely weaknesses in Plaintiffs' claims and potential defenses by Defendant, it is possible that the named Plaintiffs would not have obtained any recovery for the settlement class. Plaintiffs' counsel also submitted a declaration detailing the extensive time and resources that have been expended litigating Plaintiffs' claims, including by engaging in motion practice and written discovery, interviewing class members, participating in mediation, and facilitating the distribution of notices to class members.

The Court acknowledges that Plaintiffs' counsel also provided services on a contingency fee basis without guarantee that they would be paid for their work. Moreover, the Court finds that this action involves complex issues that require representation by competent counsel and that the public interest weighs in favor of awarding the requested fees. Finally, Plaintiffs' counsel represents that when cross-referencing the percentage of the fund method with the lodestar method, Plaintiffs' counsel used a lodestar multiplier of 2.06, which is within the range approved in other similar settlements in the Sixth Circuit. *Baker v. ABC Phones of N.C., Inc.*, No. 19-cv-02378-SHM-tmp, 2021 U.S. Dist. LEXIS 208344, at *14-15 (W.D. Tenn. Oct. 28, 2021) ("In wage and hour collective and class actions, lodestar multipliers between 1 and 3 are common. *See Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386, 2018 U.S. Dist. LEXIS 179474, 2018 WL 5023950, at *5 (S.D. Ohio Oct. 17, 2018) (approving award of attorney's fees in wage and hour collective and class action at a 2.57 lodestar multiplier); *Castillo v. Morales, Inc.*, No. 2:12-cv-650, 2015 U.S.

Dist. LEXIS 192936, 2015 WL 13021899, at *7 (S.D. Ohio Dec. 22, 2015) (approving award of attorney's fees in wage and hour collective and class action at a lodestar multiplier of approximately 2.5, which 'is typical of lodestar multipliers in similar cases'.").

### III. CONCLUSION

Having reviewed Plaintiffs' filings and Farr's objections and based on the discussion during the hearing, the Court finds the settlement is a fair and reasonable settlement for the claims presented. Accordingly, the objections to the settlement are **OVERRULED**, and Plaintiff's motion for final approval of the settlement and for attorneys' fees and expenses in the amount of $ 616,666.67 (Doc. No. 94) is **GRANTED**. Moreover, due and adequate notice having been given to the settlement class as required in the Court's Order preliminarily approving the settlement and providing for notice (the "Preliminary Approval Order") (Doc. No. 85), and the Court having considered all papers filed, proceedings had herein, and objections, and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, solely for purposes of effectuating the Settlement Agreement, a Class defined as: all hourly-paid current and former employees who have worked for Fast Pace, or one of its current or former affiliates,

including but not limited to FPMCM, LLC, in a non-exempt position and are/were subject to Fast Pace's meal-break deduction policy and/or have received one or more bonuses that were not included in their regular rate(s) of pay in: (1) Kentucky at any time between July 8, 2017, through the date of the Court's preliminary approval of the Class Action Settlement; (2) Tennessee at any time between July 8, 2016, through the date of the Court's preliminary approval of the Class Action Settlement; (3) Indiana at any time between July 8, 2019, through the date of the Court's preliminary approval of the Class Action Settlement; (4) Louisiana at any time between July 8, 2016, through the date of the Court's preliminary approval of the Class Action Settlement; and (5) Mississippi at any time between July 8, 2016, through the date of the Court's preliminary approval of the Class Action Settlement. These classes are collectively referred to herein as the "Settlement Class."

4. The Settlement Class excluded any persons who completed and submitted a timely and valid Request for Exclusion in accordance with the Preliminary Approval Order.

5. Solely for purposes of the Settlement of this Litigation, the Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interest of Members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Settlement Class in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of

concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. The Court hereby affirms its determination in the Preliminary Approval Order that, for purposes of this Settlement only, the "Collective Action Members" as defined in the Parties' Settlement Agreement, are "similarly situated" to each other and to the Named Plaintiffs, within the meaning of 29 U.S.C. § 216(b). As set forth in the Parties' Settlement Agreement and in their Stipulation Regarding Settlement (Doc. No. 81-1), the "Collective Action Members" are hourly paid current and former employees who have worked for Fast Pace, or one of its affiliates, including but not limited to FPMCM, LLC, in a non-exempt position and are/were subject to Fast Pace's meal-break deduction policy and/or have received bonuses at any time between July 8, 2019, through the date of the Court's preliminary approval of the Class Action Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement Agreement and finds that:

(a) said Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Settlement Agreement;

(c) the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel; and (d) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendant to have adequately evaluated and considered their positions

8. The Court further finds that the Settlement Agreement resolves a bona fide dispute between Plaintiffs and Defendant regarding Defendant's alleged liability under the Fair Labor Standards Act ("FLSA").

9. The Court confirms its prior preliminary appointment of Christy Hutchinson, Christina Courtney, and Karen Harris as Class Representatives.

10. The Court confirms its prior preliminary appointment of Nicholas Conlon and Jason T. Brown of Brown LLC and Justin G. Day of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel on behalf of the Settlement Class Members.

11. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. Except as to any individual claim of those persons who completed and submitted a timely and valid Request for Exclusion in accordance with the Preliminary Approval Order, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. Plaintiffs and Defendant are to bear their own costs, except as and to the extent provided in the Settlement Agreement and herein.

12. Upon the Effective Date, as provided in the Settlement Agreement, the Settlement Class Members who have not completed and submitted a timely and valid Request for Exclusion in accordance with the Preliminary Approval Order, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, shall fully and finally release and discharge the Released Parties from any and all suits, actions, causes of action, claims, or demands brought pursuant to any state law for unpaid wages (including overtime wages), damages, reimbursements, unpaid advances, unlawful deductions, unlawful withholdings, civil and/or statutory penalties, liquidated damages, punitive damages, multiple damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief in any way growing out of their work for Defendant for any and all claims that were or could have been asserted in the Lawsuit or that are based on or arise out of the facts alleged in any version of the complaints filed in the Lawsuit from the beginning of the

Relevant Period through the Effective Date of the Agreement, including without limitation any claims under Tennessee, Indiana, Mississippi, and Louisiana common law and statutory law, Kentucky Wage Statutes, the Louisiana Wage Payment Act, La. R.S. §§ 23:631 et seq., Indiana Wage Statutes, Ind. Code Ann. §§ 22-2-5-1 et seq., any applicable state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime, regular, straight-time, or minimum wages; retaliation relative to any complaints made regarding allegedly unpaid overtime, regular, straight-time, or minimum wages; failure to provide compliant meal and/or rest breaks; failure to pay meal and/or rest period compensation; failure to maintain required business records; failure to provide accurate or complete itemized wage statements; failure to compensate for all time worked; failure to properly calculate compensable time worked or the regular rate of pay; waiting time penalties; failure to pay all wages due in a timely manner, including upon employment termination; and contributions to any 401(k) or other retirement or employee benefit plan based on payments made by reason of the Agreement (the "Released State Law Claims").

13. Upon the Effective Date, as provided in the Settlement Agreement, the Settlement Class Members who have not completed and submitted a timely and valid Request for Exclusion in accordance with the Preliminary Approval Order, shall be barred from accepting, joining, or instituting any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified herein, concerning, related to, or arising from any of the Released State Law Claims.

14. Upon the Effective Date, as provided in the Settlement Agreement, the Named Plaintiffs, Opt-In Plaintiffs, and Claimants, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, shall fully and finally release and discharge the Released Parties from any and all claims that were or could have been asserted in the Lawsuit through the date of

11

preliminary approval, including but not limited to any claims for alleged violation of the Fair Labor Standards Act, as well as any claim for failure to pay wages (including but not limited to overtime wages), unlawful deductions, unlawful withholdings, or wage statement violations, damages, interest, reimbursements, unpaid advances, civil and/or statutory penalties, attorneys' fees, litigation costs, restitution, and/or equitable relief for any such claims (the "Released FLSA Claims").

15. Upon the Effective Date, as provided in the Settlement Agreement, the Named Plaintiffs, Opt-In Plaintiffs, and Claimants shall be barred from accepting, joining, or instituting any suit, class action, collective action, administrative claim, or other claim of any sort or nature whatsoever against the Released Parties, for the time periods specified herein, concerning, related to, or arising from any of the Released FLSA Claims.

16. The notice of the pendency and proposed Settlement given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the

statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

17. The objections submitted by Settlement Class Member Kathryn A. Farr (Doc. No. 90) are overruled.

18. The Court hereby approves:

a. the Service Payments in the amount of $7,000 to each of Named Plaintiffs Christy Hutchinson, Christina Courtney, and Karen Harris, as provided in the Settlement Agreement;

b. the proposed attorneys' fees and costs of Class Counsel, in the amount of $616,666.67; and

c. the proposed payment to the Settlement Administrator for its expenses in administering the Settlement, in the amount of $24,000.00.

19. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties, or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Party in any statement, release, or written documents issued, filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Settlement Agreement.

21. The Court directs immediate entry of this Judgment by the Clerk of the Court.

Accordingly, this case is **DISMISSED** with prejudice. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE